UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Vicki L. Cribbs, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 9 05 415-PMD |
| | ) | **ORDER** |
| Beaufort Memorial Hospital | ) | |
| and Medtronic Sofamor Danek, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's Motion to Remand this case to state court pursuant to 28 U.S.C. § 1447(c). For the reasons set forth below, Plaintiff's Motion to Remand is denied. Additionally, the Court hereby amends its Order of May 18, 2005, and grants Defendant Beaufort Memorial Hospital's ("Beaufort Memorial") Motion for Summary Judgment with respect to both Plaintiff's strict liability claim and Plaintiff's negligence cause of action.

**BACKGROUND**

On August 21, 2000, Plaintiff Vicki L. Cribbs ("Cribbs") underwent an S/P lumbar instrumented spinal fusion at the L4-S1 level. As part of the surgery, the treating physician used a spinal rodding system manufactured by Defendant Medtronic Sofamor Danek USA, Inc. ("Medtronic") and supplied by Defendant Beaufort Memorial. Following this surgery, Cribbs claims that she had a difficult rehabilitation, and on January 4, 2003, she was readmitted to Beaufort Memorial where X-rays of her spine revealed that the Medtronic rod had fractured causing a 6mm anterior subluxation of the lumbar spine at L5-S1. Cribbs underwent a second surgery to remove and replace the broken rod.

Thereafter, on December 29, 2004, Plaintiff Cribbs commenced an action in state court

against Defendants Beaufort Memorial and Medtronic, alleging two causes of action: negligence and strict liability. On February 9, 2005, Medtronic removed this case to federal court, alleging that the South Carolina defendant, Beaufort Memorial, had been fraudulently joined to destroy diversity jurisdiction.[1] On February 17, 2005, Beaufort Memorial filed a Motion for Summary Judgment on both of Plaintiff's claims. In its Memorandum in Support of Summary Judgment, Beaufort Memorial addressed why Plaintiff could not state a cause of action against it for strict liability and breach of warranty under the Uniform Commercial Code. Additionally, with respect to Plaintiff's negligence claim, Beaufort Memorial claimed that it "owes no duty to the Plaintiff relative to those claims and as those claims are more properly pursued against Medtronic only or in some instances the physician performing the surgery for which the hospital does not owe a nondelegable duty to the Plaintiff." (Def. Memo in Support of Mot. for Summary Judgment at 2.)

By Order dated May 18, 2005, this Court granted Beaufort Memorial's Motion for Summary Judgment on Plaintiff's strict liability claim and incorrectly denied summary judgment on Plaintiff's negligence claim, noting that Beaufort Memorial has "failed to present an argument that it did not owe a duty to Cribbs or that no issue of material fact remains." (Order at 4.) Following this Order, Plaintiff moved to remand the case to state court arguing that in denying summary judgment on the negligence claims, "the District Court in essence found that Beaufort Memorial was not a fraudulent Defendant." (Motion to Remand at 3.) Defendant Medtronic filed a Memorandum in Opposition to the Motion to Remand contending that it had previously raised the issue of Beaufort Memorial's duty to warn or inspect in connection with Plaintiff's negligence claim. Additionally, Defendant

---

[1] "Fraudulent joinder is a term of art and its use is not intended to reflect upon the integrity of plaintiff or . . . [her] counsel." *Auto Ins. Agency v. Interstate Agency, Inc.*, 525 F.Supp. 1104, 1106, n.2 (D.S.C. 1981).

2

Medtronic claims that the Order denying summary judgment against Beaufort Memorial is not dispositive on the issue of remand. Defendant Beaufort Memorial joined in Medtronic's Memorandum and likewise requests that this Court deny Plaintiff's Motion to Remand.

## STANDARD OF REVIEW

Under the theory of fraudulent joinder, a district court may disregard a nondiverse party for jurisdictional purposes if the removing party meets its burden of showing either: (1) " 'outright fraud in the plaintiff's pleading of jurisdictional facts,' " or (2) " 'that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.' " *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). "The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Id*. at 232-33 (citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)).

## DISCUSSION

Defendant Medtronic does not assert fraud in Plaintiff's pleadings; rather, Medtronic claims that this Court should disregard Defendant Beaufort Memorial for diversity purposes because Plaintiff cannot establish a claim for either strict liability *or* negligence against Beaufort Memorial. In contrast, Plaintiff seeks remand on the theory that because this Court denied summary judgment on Beaufort Memorial's negligence claim, Beaufort Memorial is a proper party to this action.[2]

---

[2] Because the Court already properly granted Defendant Beaufort Memorial's Motion for Summary Judgment with respect to Plaintiff's strict liability claim and because Plaintiff concedes that she cannot maintain a cause of action for strict liability against Beaufort Memorial, the Court only addresses Plainntiff's negligence cause of action in this Order.

3

With respect to Plaintiff's negligence claim, whether Beaufort Memorial owes a particular duty to Plaintiff is a question of law. *Ellis v. Bynoe*, 324 S.C. 223, 227, 479 S.E.2d 47, 49 (1996). If Beaufort Memorial did not owe Plaintiff a duty, Plaintiff's negligence claim must fail as a matter of law, and remand of this case would be inappropriate.

Specifically, Plaintiff's negligence claim against Beaufort Memorial is based on allegations of direct institutional negligence by the hospital in failing to inspect the rods and/or to warn Plaintiff or her surgeon about the alleged defects or dangers of the rod. In contrast, Medtronic contends that Beaufort Memorial was fraudulently joined because a hospital has no duty to warn patients of potential dangers associated with a drug or medical device. *See Dow Corning Corp.*, 1993 WL 1156110 at *1 (D.S.C. Jan. 7, 1993) (unpublished) (finding that plaintiff cannot recover against defendant in-state hospital under any theory alleged and denying plaintiff's motion to remand).

In *Dow Corning Corp.*, the plaintiff alleged that she was hurt by defective breast implants. *Id*. She asserted causes of action for negligence, strict liability, and breach of warranty against both the manufacturer of the implants and the hospital where the surgery took place. *Id.* The court found that the plaintiff could not state a cause of action against the defendant in-state hospital under any of the theories alleged, and therefore, the court found that the hospital was a "sham defendant" whose presence did not bar removal. *Id*. at *1, *7. Notably, with respect to the plaintiff's negligence claim, the court stated:

> It would serve no useful purpose to create a duty on behalf of a hospital to warn of the dangers of using a medical device such as breast implants, when the hospital plays no part in the selection of the device and all warnings are directed to the treating physician. This is particularly true in this case because plaintiff has made no allegations, and no evidence exists, that the Hospital had knowledge regarding the implant which was superior to the knowledge of her physician. Accordingly, the court finds that the Hospital has no duty to warn the patient of any potential dangers

> regarding breast implants and, therefore, could not have been negligent in allegedly failing to warn plaintiff.

*Id.* at *6.

Moreover, with respect to Plaintiff's claim that Beaufort Memorial negligently failed to warn her of the alleged defects in the rod, "[u]nder the 'learned intermediary doctrine,' a hospital has no duty to warn a patient of dangers which may be associated with a drug or medical device prescribed by the patient's doctor." *Id.* (citing *Kirk v. Michael Reese Hosp.*, 513 N.E.2d 387 (Ill. 1987), *cert denied* 485 U.S. 905 (1988); *see also Tarallo v. Searle Pharm., Inc.*, 704 F.Supp. 653, 659 n.2 (D.S.C. 1988) (explaining that the learned intermediary doctrine shifts the duty to warn from the manufacturer to the physician because the physician acts as a learned intermediary between the manufacturer and the consumer); *Brooks v. Medtronic, Inc.,* 750 F.2d 1227, 1231 (4th Cir.1984) ("[T]he physician is called on to act as a 'learned intermediary' between the manufacturer and the consumer because he is in the best position to understand the patient's needs and assess the risks and benefits of a particular course of treatment."). In addition, "virtually every jurisdiction considering the issue, including the Fourth Circuit, has concluded that the learned intermediary doctrine should apply not only to prescription drugs, but also to medical devices, which are prescribed or inserted by a physician." *Pleasant*, 1993 WL 1156110 at *6. Therefore, in the present case, the duty to warn owed to Plaintiff stems from her physician and *not* from the hospital. *Id.* Accordingly, Beaufort Memorial had no duty to warn Plaintiff about the rodding system.

Likewise, this same reasoning applies with respect to Plaintiff's claim that Beaufort Memorial negligently failed to inspect the rodding system. Plaintiff's physician, not the hospital, selected the medical device and performed the surgery. Additionally, Plaintiff's claim does not even allege that Beaufort Memorial should be held vicariously liable for any negligent services of her

treating physician.[3] Ultimately, under the reasoning in *Pleasant*, the Court believes that it would serve no useful purpose to impose a duty on the hospital to inspect or test a medical device which is both chosen and inserted by a physician who has superior knowledge regarding the device. *See* 1993 WL 1156110 at *6.

Therefore, because Beaufort Memorial had no duty to inspect the system or to warn Plaintiff or her physician of any potential dangers, Plaintiff cannot establish a cause of action for negligence against Beaufort Memorial. Accordingly, the court finds that Beaufort Memorial is entitled to summary judgment with respect to both Plaintiff's strict liability claim and Plaintiff's negligence cause of action. Thus, Plaintiff's Motion to Remand is denied.

## **CONCLUSION**

---

[3] In fact, Plaintiff never claims that her treating physician acted in a negligent manner.

It is, therefore, **ORDERED** that Cribb's Motion to Remand is **DENIED**. Additionally, the Court finds that Plaintiff cannot recover against Beaufort Memorial under any theory alleged, and therefore, the Court amends its Order of May 18, 2005, to **grant** Beaufort Memorial's Motion for Summary Judgment with respect to both Plaintiffs' strict liability claim and Plaintiffs' negligence cause of action.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**October 5, 2005**